Judge Owsley
delivered the Opinion of the Court.
On the 19th day of January, 1818, Davis, with Rice his surety, executed two notes to Cave, one for forty dollars, payable six months thereafter, and the other for thirty dollars, payable within the same time. Payment was not made within the time stipulated, and suit was brought by Cave upon each note, before a justice of the peace, and judgments rendered against Davis and Rice. An appeal to the circuit court was prayed in each casey *393 but owing to some irregularity in the appeal bonds, each appeal was dismissed. Davis and Rice then exhibited their bill inequity, wit a injunction -•gainst the judgments of the justice, setting out the proceedings which were had in each case, alleging that the notes were executed for the repayment of money loaned by Cave to Davis, upon an unlawful and corrupt agreement to receive interest at the rate of twenty-five per centum per annum, upon the ajnount loaned, and that he, Davis, has paid Cam, in corn, pork, cabinet work, &c. $58 57, for, which Cave has failed and refused to give any credits upon the notes. The bill asks a credit to be decreed for the amount paid, and prays for such a decree as may be consistent with the equity of their case, &c.
Cave’9 an ] swer.
Decree of the circuit courts
Statute agamst usury may be relied on against the usurious demand ¶4 law or in equity.
*393 Cave admits the receipt of the corn and other articles alleged in the hill to have been paid, in part discharge of the notes, but charges that the amount is not so great as is stated in the bill, and alleges that those articles were received in discharge of the interest then due on the notes and on another sixty dollar note which he, Cave, then held on Davis. The usurious agreement charged in the bill is not admitted by Cave; but if sucb agreement were made, be insists that the complainants should not be relieved in a court of equity, because, he alleges, that on the trials before the justice, the complainants urged in defence the same alleged usury and payments now set up in their bill, and that upon fall investigation, the justice decided against the legality and justice of their defence.
Upon hearing, the court was of opinion that the usurious agreement was sufficiently proved, that the case was properly relievable in equity, and pronounced a decree perpetuating the injunction for fifty seven dollars and fifty seven cents, besides the interest upon the notes, and directed Cave to pay cost. • From that decree Cave appealed.
If the court were not mistaken with respect to the facts proved, it was undoubtedly proper to entertain jurisdiction of the cause and decree relief to the complainants. The right of an obligor to avail himself of the statute against usury, either jn de *394 fence of the action at law, or by bill in equity, has been heretofore decided by this court, and must now be considered as not open to further controversy.
Tho general rule is, when tlic ctaibnceis cognizable by both the common law court and in equity, the decision of one is a bar ' to the defence in the other court.
But where an unsuccessful defence is made before a justice, and an appeal is pra ,-ecl to the-circuit court, but dismissed for ll)e insufficiency' of the appeal bond, the decision by the justice, is no bar to relief in equity.
Contract Ijeld usurious on the evidence.
*394 Were it not, therefore, for thé defence which was made by the complainants, before the justice, the propriety of their application to a court of equity, to be relieved against the usurious agreement, would be perfei tly clear. But they are proved to have appeared before tbe justice and urged upon the trial there, the same matter in defence of Cave’s right to recover, that is now insisted on in their bill, and wc admit that generally after a defendant at law appears to the action and pleads and relies upon she statute against usury, be will not be allowed again to draw the same matter that was decided by the court of law in question, in a court of equity. Usury is cognizable in both courts; and with courts of concurrent jurisdiction the rule is, that the decision of the one, is, upon the same matter, and between the same parties, conclusive upon the other.
The rule, however, like all other general rules, is not absolutely inflexible; but will, sometimes, for the sake of justice, yield and give way in a case of peculiar and extraordinary hardship. Such a caso we understand the present tobe. For although the same matter was relied on in defei.ee before the justice, the decision of the justice was not final; and after an appeal was prayed to the circuit court, where tbe complainants had reason to expect a thorough investigation and final decision of the contest, it appears to have been dismissed, not for any fault justly imputable to them, but for irregularity committed, either by the justice in certifying the appeal, or in the clerk in taking the appeal bond. Having thus been'deprived of their defence in the circuit court, where by praying the appeal they desired it should be decided, it would be highly unjust and unreasonable now to turn them out of court because they attempted but failed to make their defence at hiw.
With respect to the facts, the case is clearly with the complainants. It is impossible for any unbiased mind to look through the depositions and hesitate,-. *395 Co pronounce the agreement upon which the notes were executed, to be usurious. It is not proved that any interest is included in the notes, but it appears that at the time- they were given, another note for eight dollars, intended to secure the interest reserved for six months was- executed by the complainants, and although by his answer Cave denies having received the latter note upon an agreement for usurious interest, he is proved to have since put the same in suit and endeavored to coerce its collection. Besides, the depositions'in the cause go conclusively to establish the usury charged in the bill. It was therefore unquestionably correct in the court below to take cognizance of the cause and decree relief to the complainants.
Where a judgment at law, obtained on usurious consideration, is relieved against. the usurer shall pay the comr plaiuant’s costs at law.
Triplett, for appellants; Crittenden, for appellees.
With respect to the amount decreed there is more doubt.' The notes having been given before the passage of the-act of 1819, it was no doubt proper to relieve the complainants against the payment of any interest; but it is not so clear from the proof, that the articles of property paid by the complainants were of the value, or were actually received by Cave at the prices fixed by the decree of. the-court. It is evident, however, that those articles were in fact paid by the complainants, and if they are not of the value put upon them by the decree, they lack so little of it that when added to the costs of the suits at law, which were not, but which ought to have been decreed the complainants, will make a sum at least equal to the amount decreed to he credited for payments; so that. in point of substantial justice, Cave has no cause to complain of the decree.
The decree must be affirmed with cost.